UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON

| | |
|---|---|
| ARAMIS MURRAY, <br><br> Plaintiff, <br><br> v. <br><br> SARGEANT ABBNEY, ET AL., <br><br> Defendants. | Civil Action No. 5:19-369-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

Aramis Murray is a pretrial detainee at the Louisville Metropolitan Department of Corrections in Louisville, Kentucky. Proceeding without a lawyer, Murray has now filed his civil rights complaint using the Court-approved E.D. Ky. 520 Form. [R. 10]. Murray also recently filed a motion for leave to proceed *in forma pauperis* [R. 13] and a certificate of inmate account form [R. 14]. That said, the Court has conducted an initial screening of Murray's complaint [R. 10] pursuant to 28 U.S.C. § 1915A and, for the reasons set forth below, will deny it without prejudice.

At bottom, Murray's complaint is very difficult to follow and, thus, does not comply in any meaningful way with the Federal Rules of Civil Procedure. Indeed, Murray's complaint runs afoul of Rule 8 because it does not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and fails to include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Instead, Murray's submission includes allegations that are extremely hard to understand and legal claims that are too vague to track.

To be sure, Murray lists five different FCDC employees as defendants and attempts to break the fact section of his complaint into subsections with allegations against each defendant. [*See* R. 10 at 1, 2-5]. However, those subsections are very confusing because Murray fails to explain, in a clear and understandable way, what each defendant did or failed to do to cause him harm.

For example, Murray lists "Major Farmer" as a defendant, but he then vaguely alleges that Farmer "denied me internal affairs, denied to clarify why my status of cuffs and shackles and classification was never lowered, used status to provoke detrimental action, [and] allowed officers to continue odious acts against me." [R. 10 at 2]. Murray then says that he has "been subject to selective enforcement, fraudulent write ups, and criminal coercion in the body of the institution," and he later confusingly says, "The reckless disregard does more than injure my progression, but intentionally perverts the truth for the purpose of inducing another to part with some valuable right, or ability, by false representation of a matter of fact fraud in the inducement, selective enforcement, involuntary servitude, criminal coercion, brainwash, internal insurrection, invasion, etc." [*Id.*]. Simply put, Murray's allegations are largely unintelligible.

Murray puts forth similar, confusing allegations against the other defendants. For example, he lists "Captain Strange" as a defendant before saying, "I have perceived a string of antagonizing and character defaming accusations that have been arbitrarily applied to the Conscience and minds of all officers, without defense, or my own explanation, which actions in whole violate 13th Amendment, Articles 12, 4, and 5 of Human Rights." [R. 10 at 2-3]. Murray then confusingly says, "Never once (until mid June) beginning March 1st 2019, did I deny my cuff and shackle and electric shield status; I always complied never once interfering with the process." [*Id.* at 3]. These are just some of the largely unintelligible allegations that Murray asserts in his complaint.[1]

---

[1] Murray's clearest allegations are arguably against "Officer Howard," who Murray says used racial slurs against him and swore at him. [R. 10 at 4]. However, the United States Court of Appeals for the Sixth Circuit has said that the alleged use of such language, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007). And while Murray also claims that Officer Howard "has been in alliance with Sgt. Abney to conjugate fictious write-ups to restrict my movement and privileges by right given (shower, razor, recreation, telephone, mail/envelopes/correspondence)" [R. 10 at 4], he does not explain the circumstances surrounding any of the alleged incident reports in question and does not appear to be asserting an Eighth Amendment claim against Officer Howard. [*See* R. 10 at 5 (specifically listing each of his legal claims)].

Murray's legal claims are also confusing. After all, when asked what rights or laws the defendants violated, Murray says, "Institutional misprision, fraud in the inducement, Selective Enforcement, Involuntary Servitude, Criminal Coercion, Brainwash, Internal Insurrection, Invasion, 13th Amendment, Human Rights . . . Articles 12, 4, and 5, Duress of Person, Free Exercise Clause, Amendment IX, Amendment I, Article 18 of Human Rights, Free Speech Clause, Intangible Rights Doctrine." [R. 10 at 5].

Given the confusing nature of Murray's submission, the Court will not assess the filing and administrative fees at this time. Instead, the Court will dismiss Murray's complaint without prejudice to his right to file a proper, streamlined complaint that complies with Rule 8 of the Federal Rules of Civil Procedure—i.e., a complaint that contains allegations that are "simple, concise, and direct" and *clearly* explains what each defendant did or failed to do to cause him harm. Ultimately, if Murray does want to file a new action with this Court, he may once again obtain the appropriate forms from the Clerk of the Court.

Accordingly, it is **ORDERED** as follows:

1. Murray's complaint [R. 10] is **DISMISSED** without prejudice to his right to file a streamlined complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.
2. Any and all pending motions are **DENIED** as moot.
3. This action is **STRICKEN** from the Court's docket.
4. The Court will enter an appropriate Judgment.

Dated October 23, 2019



KAREN K. CALDWELL  
UNITED STATES DISTRICT JUDGE  
EASTERN DISTRICT OF KENTUCKY